AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

United States Courts
Southern District of Texas
FILED

*May 22, 2026*

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| United States of America<br>v.<br><br>Juan Martin Lara-Gamez<br><br><br>———————————————————————<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.  **4:26-mj-343**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____ November 7, 2025 _____ in the county of _____ Harris _____ in the
_____ Southern _____ District of _____ Texas _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326 (a) and (b) | a native and citizen of Mexico, and an alien who had been previously deported from the United States, subsequent to having been convicted of a crime defined as a felony, was found unlawfully in the United States at Harris County, Texas, the said defendant having not obtained the consent before March 2003 from the Attorney General of the United States to reapply for admission into the United States; and without having obtained corresponding consent after February 2003 from the Secretary of Homeland Security pursuant to 6 U.S.C. §§ 202(3) and (4) and 6 U.S.C. § 557, |

This criminal complaint is based on these facts:

See Attached Affidavit in support of the Criminal Complaint

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Adam Khalil, ICE Deportation Officer
*Printed name and title*

Sworn to me telephonically.

Date:  _____ 05/22/2026 _____

_____
*Judge's signature*

City and state:  _____ Houston, Texas _____

Hon. Christina A. Bryan, United States Magistrate Judge
*Printed name and title*

**4:26-mj-343**

## <u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, Adam Khalil, being duly sworn by telephone, hereby depose and say:

(1)  I am currently serving as a Deportation Officer with Immigration and Customs Enforcement (ICE), a position I have held since April 15, 2018. I possess over eight years of experience in this position.

(2)  On or about November 7, 2025, ICE was made aware of the unlawful presence of Juan Martin Lara-Gamez (hereinafter "Defendant") in the United States as a result of information provided by the Pasadena Police Department in Harris County, TX. Furthermore, on or about November 23, 2025, ICE encountered Defendant while he was incarcenated at the Harris County Jail, at which time a detainer was placed. On May 22, 2026, he was transferred to the custody of ICE. Also, on May 22, 2026, he was identified as being amenable to prosecution for violation of 8 U.S.C. § 1326(a) and (b) .

(3)  The Defendant's fingerprints have been taken and electronically submitted to various law enforcement databases. According to the Integrated Automated Fingerprint Identification System (IAFIS), the Defendant is the same individual as the person referred to in this Affidavit as having been previously deported and convicted.

(4)  Based upon the information from ICE's records as described below, and my training and experience, I submit that there is probable cause to believe that the Defendant is in violation of 8 U.S.C. § 1326(a) and (b).

(5)  <u>Element One</u>: The Defendant is a citizen and national of Mexico and not a native, citizen or national of the United States.

(6)  <u>Element Two</u>: The Defendant has previously been deported or removed from the United States on the following occasion(s):

1. Removed 01/17/2009
2. Removed 03/20/2018
3. Removed 08/08/2025

(7)  <u>Element Three</u>: After deportation, the Defendant was subsequently found in the United States on or about November 7, 2025 in Harris County, Texas which is within the Houston Division of the Southern District of Texas. Additionally, I consulted with ICE's Law Enforcement Support Center ("LESC") to determine whether, in the past five years and after the Defendant's

last deportation, the Defendant had been encountered by law enforcement prior to the date specified earlier in this paragraph. On May 22, 2026, LESC advised me that Defendant's first encounter with law enforcement, after the Defendant's last deportation, was on November 7, 2025.

(8)     Element Four: The Defendant did not have permission to re-enter the United States. On November 7, 2025, I reviewed the contents of the Alien File associated with this Defendant and/or available database information.  I found no indication that the Defendant has ever received permission from the Attorney General of the United States, or the Secretary of the Department of Homeland Security, to apply for admission to the United States following deportation from the United States.  I have requested certification of this fact from the Records Branch of the Immigration Service.

(9)     Prior criminal history:

    a.  On February 10, 2000, the Defendant, was given deferred adjudication of guilt in the 174th District Court, Harris County, Texas, for the offense of ASSAULT, under case number: 824768. For this offense, a felony, the Defendant was sentenced to 5 years community supervision.

    b.  On February 14, 2000, the Defendant, was convicted in the County Criminal Court 8, Harris County, Texas, for the offense of Assault, under case number: 9909362. For this offense, a misdemeanor, the Defendant was sentenced to 130 days in county jail.

    c.  On December 19, 2008, the Defendant, was convicted in the County Criminal Court 3, Harris County, Texas, for the offense of POSSESSION OF MARIJUANA, under case number: 1552905. For this offense, a misdemeanor, the Defendant was sentenced to 120 days in county jail.

    d.  On February 8, 2018, the Defendant, was convicted in the in the 178th District Court, Harris County, Texas, for the offense of INJURY CHILD UNDER 15 B/INJURY, under case number: 143483201010. For this offense, a felony, the Defendant was sentenced to 2 year in the Texas Department of Criminal Justice (TDCJ).

    e.  On March 19 2026, the Defendant, had the ASSAULT- FAMILY MEMBER charge dismissed, under case number: 256660601010. The State requested dismissal because the complaining witness requested for the case to be dismissed.

    f.  On May 4, 2026, the Defendant, was convicted in the in the 482nd District Court, Harris County, Texas, for the offense of POSSESSION OF CONTROLED SUBSTANCE, under case number: 194215701010. For this

offense, a felony, the Defendant was sentenced to 180 days in the Texas Department of Criminal Justice (TDCJ).

g.  On May 4, 2026, the Defendant, had the AGG ASSAULT- FAMILY MEMBER charge dismissed, under case number: 194215601010. The State requested dismissal because the Defendant was convicted in another case (case number: 194215701010).

On May 22, 2026, I contacted the U.S. Attorney's Office, Southern District of Texas, Houston Division, concerning this criminal complaint.  On or about that day, Assistant U.S. Attorney Jay Hileman (713) 703-9308 accepted this case for prosecution for a violation of 8 U.S.C. § 1326(a) and (b).

Adam Khalil
Deportation Officer
United States Department of Homeland Security
U.S. Immigration & Customs Enforcement

Signed and sworn telephonically before me this 22nd day of May 2026, and I find probable cause.

Hon. Christina A. Bryan
United States Magistrate Judge
Southern District of Texas